UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KYLE WISE, on behalf of himself and all others similarly situated,

                    Plaintiffs,

v.

MONRO, INC.,

                    Defendant.

6:23-cv-06476-EAW

---

### ORDER APPROVING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Kyle Wise ("Plaintiff") commenced this action on behalf of himself and all others similarly situated (collectively "Plaintiffs") against defendant Monro, Inc. ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. Chapter 4111, and Ohio R.C. 4113.15. (Dkt. 1). Presently before the Court is Plaintiff's motion for entry of an order pursuant to Fed. R. Civ. P. 23(e) that: (1) designates Plaintiff as the Class Representative; (2) provisionally certifies a proposed settlement collective and class; (3) preliminarily approves Plaintiff's request for a Class Representative compensation award; (4) designates Plaintiffs' counsel as Class Counsel; (5) preliminarily approves Class Counsel's request for attorneys' fees, costs and expenses; (6) designates and approves Analytics Consulting, LLC as the settlement administrator; (7) approves the Class Notice and 45-day notice period and directs distribution of the proposed notice of

class action settlement to the Settlement Class Members as outlined in the parties' Settlement Agreement and Release (the "Agreement"); and (8) schedules a final approval hearing to take place after preliminary approval of the parties' class action settlement. Defendant does not oppose Plaintiffs' motion.

"Federal Rule of Civil Procedure 23(e) requires judicial approval of any class action settlement. Settlement approval typically occurs in two stages: (1) preliminary approval, when 'prior to notice to the class, a court makes a preliminary evaluation of fairness;' and (2) final approval, when 'notice of a hearing is given to the class members, [and] class members and settling parties are provided the opportunity to be heard on the question of final court approval.'" *Whelan v. Diligent Corp.*, No. 22 CIV. 7598 (AT), 2025 WL 1018976, at *2 (S.D.N.Y. Apr. 4, 2025) (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019)). "Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement based on written submissions and an informal presentation by the settling parties.'" *Marin v. 310 Bowery Grp. LLC*, No. 24 CIV.1340 (SLC), 2025 WL 893731, at *4 (S.D.N.Y. Mar. 24, 2025) (quoting *Chang v. Philips Bryant Park LLC*, No. 17 Civ. 8816 (LTS) (SLC), 2019 WL 8105999, at *7 (S.D.N.Y. Oct. 23, 2019)). A determination of whether to preliminarily approve proposed class action settlement agreements is a matter within the Court's discretion. *Olibares v. MK Cuisine Glob. LLC,* No. 21-CV-10694 (VSB), 2023 WL 5702595, at *2 (S.D.N.Y. Sept. 5, 2023).

Having reviewed the Agreement, as well as the pending motion, the supporting declarations, the facts agreed to by the parties, and the pleadings in this action, and for

good cause having been established therein, the Court grants preliminary approval of the Class Action Settlement, and approves notice to the Settlement Class Members as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

2. On August 18, 2023, Plaintiff filed the instant lawsuit alleging that the policies and practices of Defendant violated the FLSA and the OMFWSA, Ohio R.C. Chapter 4111, by failing to properly compensate certain employees for time worked, specifically missed or interrupted meal breaks, and further violated Ohio R.C. 4113.15(A) by failing to pay all wages on a semimonthly basis. (Dkt. 1).

3. On October 12, 2023, Defendant filed an answer denying any wrongdoing. (Dkt. 20). Defendant continues to deny liability and all material allegations asserted by Plaintiffs, and has raised several affirmative defenses.

4. On February 24, 2025, Plaintiff filed a stipulated amended complaint pursuant to Fed. R. Civ. P. 15(a)(2), asserting state common law and/or statutory claims on behalf of assistant store managers who are or were employed in Arkansas, Connecticut, Delaware, Florida, Georgia, Indiana, Iowa, Idaho, Illinois, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, Nevada, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, Wisconsin, and West Virginia, and excluding Defendant's technicians. (Dkt. 44).

5. The Settlement Class identified in the Agreement is defined as the 5,782 current and former assistant store managers who are or were employed by Defendant in

Arkansas, Connecticut, Delaware, Florida, Georgia, Indiana, Iowa, Idaho, Illinois, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, Nevada, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Vermont, Wisconsin, and West Virginia and assigned to job codes AST1, MASTH, SERV, and TSM between August 18, 2020 and June 18, 2024, and who are eligible for a settlement payment pursuant to the Agreement.

6. To avoid the burden, expense, risks and uncertainty of litigation, the parties agreed to engage in good faith, arm's length settlement discussions, including mediation before a third party neutral.

7. In advance of mediation, the parties report that Defendant provided Plaintiff's counsel time and pay data for the proposed settlement class, which enabled the parties to understand and assess the detail and substance of their respective claims and defenses. Class Counsel created a damages model that was shared with the mediator and Defendant. The model served as a basis for settlement negotiations and the parties were able to reach a settlement without the need for further mediation.

8. The parties represent that Class Counsel performed an extensive risk analysis, which accounted for various biases and the compounding nature of risk probabilities, including calculating the expected value. Class Counsel is of the opinion that, within a reasonable degree of statistical certainty that they are 99% confident that the "true" expected value is within their calculated range, and that the total settlement amount is within the range of expected outcomes, if not more.

9. The Agreement resolves the individual and class claims of the Plaintiff and Settlement Class Members. The Agreement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

10. The issues in this case were contested. The Court is satisfied by the parties' representations that the Agreement was achieved after arm's length and good faith negotiations between the parties and their counsel, who have extensive experience litigating collective and class wage and hour claims, while also facilitated by a mediator.

11. The Agreement is PRELIMINARILY APPROVED as to the Settlement Class Members' claims as provided in the Agreement, for notice purposes as appearing on its face to be fair, reasonable, and adequate, and as being the product of serious, informed, and extensive arm's length negotiations between Plaintiff and Defendant, plus mediation before a third-party neutral. In making these findings, the Court considered the nature of the claims, the relative strength of the class claims, the adequacy of the relief, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the Agreement was entered into in good faith.

12. As to the Named Plaintiff and the Class he represents, the Court finds that the proposed settlement class qualifies for provisional certification under Rules 23(a) and 23(b)(3). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Plaintiff is an adequate

representative of the Class because he is a member of the Class, and he possesses the same interests and suffered the same alleged injuries as other Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Class Members are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the parties' proposed Agreement is fair, reasonable, and adequate as to the Class.

13. Therefore, the Court provisionally certifies the Class pursuant to Rule 23(a) and (b)(3).

14. The Court approves Kyle Wise as the Class Representative, and appoints as Class Counsel, Hans A. Nilges and Robi J. Baishnab of Nilges Draher LLC.

15. The Court provisionally approves the Class Representative Compensation Award for Plaintiff in recognition of his services in this Action.

16. The Court provisionally approves the payment of attorneys' fees, costs and expenses to Class Counsel as provided in the Agreement.

17. The Court approves the proposed Settlement Notice as to substance, form, and manner of distribution, and orders that it be distributed to Settlement Class Members in the manner described in the Agreement.

18. The Court directs that the Settlement Class Members be given notice of the pendency of this Action, the proposed Agreement, and the date of a hearing ("Final Approval Hearing") at which final approval of the proposed Agreement will be considered.

19. The Court designates and approves Analytics Consulting, LLC as the settlement administrator responsible for the issuance of the notice of class action settlement to the Settlement Class Members.

20. The Fairness Hearing will be held on **AUGUST 26, 2025,** at **10:00 a.m.** at the Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614. As outlined in the approved Notice, the hearing may be moved to a different date or time without notice. It may also be converted from in-person to remote video and/or telephone.

21. Class Members objecting to the Agreement must timely file objections in the time and the manner set forth in the Class Action Settlement Notice. Specifically, Settlement Class Members must take such steps not later than 45 days after the mailing of the Class Action Settlement Notice.

22. Plaintiff shall file an unopposed motion in support of Final Approval of the Settlement Agreement no later than 14 days prior to the Fairness Hearing. Along with the motion, Class Counsel shall file with the Court a declaration verifying that the Class Action Settlement Notice was distributed to the Settlement Class Members in the form and manner approved herein.

23. The Court orders that, pending Final Approval, Settlement Class Members are preliminarily enjoined from commencing, prosecuting, or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Agreement.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 28, 2025
       Rochester, New York